## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| MICHAEL U. HENDERSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:18-cv-00345 |
| COLLECTO, INC. d/b/a EOS CCA, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Michael U. Henderson ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, complaining of Collecto, Inc. d/b/a EOS CCA ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Indiana.

5.   Defendant is a receivables management company, located at 700 Longwater Drive, Norwell, Massachusetts. Defendant is in the business of collecting consumer debt for others throughout the country, including in Indiana.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTS SUPPORTING CAUSE OF ACTION

8.   In or before June 2018, Plaintiff began receiving calls to his telephone from Defendant.

9.   At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his telephone number, (219) XXX-3205. Plaintiff is and has always been financially responsible for this telephone and its services.

10. Immediately after the calls began, Plaintiff answered a phone call from Defendant. During this call Defendant informed Plaintiff it was calling to collect on an allegedly defaulted debt ("subject debt"). Plaintiff informed Defendant that he did not recognize the subject debt and was unable to pay at this time.

11. Undeterred, Defendant continued to call Plaintiff.

12. Consequently, Plaintiff picked up another call and again informed Defendant he was unable to pay at his time. He then told Defendant to stop calling him.

13. This revocation did nothing to stem the oncoming barrage of phone calls Plaintiff was receiving from Defendant.

14. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

15. Notwithstanding Plaintiff's multiple requests that Defendant cease harassing him, Defendant placed or caused to be placed no less than 29 harassing phone calls to Plaintiff's phone between June 2018 and the present day.

16. The phone numbers that Defendant most often uses to contact Plaintiff are (312) 392-1561 and (855) 717-7778, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

**DAMAGES**

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, and diminished value and utility of his telephone equipment and telephone subscription services.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

**<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

### a.  Violations of  FDCPA § 1692c

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

30. Furthermore, Defendant has relentlessly called Plaintiff on no less than 29 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

31. Defendant was notified by Plaintiff that its calls were not welcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his phone.

33. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 29 harassing phone calls to Plaintiff's phone.

34. As pled above, Plaintiff was severely harmed by Defendant's conduct.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

36. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

37. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff MICHAEL U. HENDERSON respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 13, 2018                    Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com